# AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

JOEL RICHARDS, being first duly sworn on oath, deposes and states the following:

1. I am a Special Agent (hereinafter "SA") with the Department of Homeland Security (hereinafter "DHS"), Immigration and Customs Enforcement, Homeland Security Investigations (hereinafter "HSI") and have been so employed since 2010. Since June 2020, I have been assigned to the HSI Gainesville Field Office. Prior to my assignment in HSI Gainesville, I was assigned to the HSI Field Offices in Honolulu, Hawaii and San Juan, Puerto Rico.

2. I have received extensive training as part of my employment with HSI. I have participated in the Criminal Investigator Training Program and the Immigration and Customs Enforcement Special Agent Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia. During this time, I received training on child exploitation and cyber-crime investigations, smuggling investigations, drug-trafficking investigations, money laundering investigations, human smuggling and human trafficking investigations, immigration benefit fraud investigations, and the collecting and processing of evidence, among other topics. As part of my duties as an SA with HSI, I investigate criminal violations relating to child exploitation and child pornography, including violations pertaining to the

1

enticement of minors and the illegal production, distribution, receipt and possession of child pornography, in violation of Title 18, United States Code, Sections 2422(b), 2252 and 2252A. During my tenure as an SA, I have received training in the area of child pornography and child exploitation, and have had the opportunity to observe and review examples of child pornography (as defined in Title 18, United States Code, Section 2256) in multiple forms of media, including computer media. I have participated in the execution of numerous federal search warrants, some of which involved child exploitation and/or child pornography offenses.

3. I make this affidavit in support of an application for a search warrant for information associated with a certain account stored at premises owned, maintained, controlled or operated by Google, Inc., an email provider headquartered at 1600 Amphitheater Parkway, Mountain View, CA 94043. The account/information to be searched is described in the following paragraphs and in Attachment A.

4. In my training and experience, I have learned that Google, Inc. provides a variety of online services, including electronic mail access and cloud storage, to the general public. Subscribers obtain an account by registering with Google. During the registration process, Google asks subscribers to provide basic personal information. The servers of Google contain electronic communications

(including retrieved and un-retrieved email for subscribers) and information concerning subscribers and their use of Google services.

5. A Google subscriber can also store files, including emails, address books, contact or buddy lists, pictures, and other files, on servers maintained and/or owned by Google. Subscribers to Google might not store on their home computers copies of the files stored in their Google account. In my training and experience, I have learned that collectors and distributors of child pornography use online resources to retrieve and store child pornography, including services offered by Internet Portals such as Google and Microsoft, among others. The online services allow a user to set up an account with a remote computing service that provides email services as well as electronic storage of computer files in any variety of formats. A user can set up an online storage account from any computer with access to the Internet.

6. In general, email providers like Google ask each of their subscribers to provide certain personal identifying information when registering for an email account. This information can include the subscriber's full name, physical address, telephone number and other identifiers, alternative email addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number).

3

7. Email providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of login times and durations, the types of service(s) utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via Google website), and other log files that reflect usage of the account. In addition, email providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP address associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the email account.

8. In some cases, email account users will communicate directly with an email service provider about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users. Email providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well records of any actions taken by the provider or user as a result of the connections.

9. The facts and information contained in this affidavit are based on my personal knowledge and observations; my training and experience; my review of evidence and reports prepared by others; and information provided to me by others, including other state and local law enforcement officers and witnesses. Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to support the requested warrant.

## STAUTORY AUTHORITY

10. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Google to disclose to the government records and other information in its possession pertaining to the subscriber or customer associated with a suspect account, including the contents of communications. As described in Attachments A & B, this pertains to disclosing evidence, contraband, fruits and other items related to violations of Title 18, United States Code, Sections 2252 and 2252A, which make it a crime to distribute/receive/possess child pornography via interstate commerce, including by computer. The items sought to be searched for and seized pursuant to this search warrant are more particularly described in Attachment B.

## THE INVESTIGATION

11. On January 08, 2020, Jeffrey Edwin Lutz entered a no contest plea to nine counts of violation of Florida Statute 827.071(5), Possession of Child Pornography. Lutz was subsequently sentenced to a period of 180 days confinement, followed by a period of 24 months of Sex Offender Probation, under the supervision of the Florida Department of Corrections. The terms of Lutz's Sex Offender Probation included a prohibition on viewing, accessing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material relevant to the offender's deviant behavior pattern, including electronic media and computer services. The Order of Probation also prohibited Lutz from accessing the internet or other computer services until a qualified practitioner in Lutz's sex offender treatment program completed a risk assessment and approved a safety plan for Lutz to access the internet. No such risk assessment or safety plan was ever completed. Furthermore, Lutz's Order of Probation specifically stated that he must submit to a warrantless search of his person, residence, or vehicle by his probation officer.

12. On June 10, 2020, Florida Department of Corrections, Probation and Parole Services conducted a probation search of Lutz's residence, located at 14850 SE 28th St. Morriston, FL, due to a recent violation of his probation conditions. The

Levy County Sheriff's Office (LCSO) Criminal Investigation Division provided security during the search of the residence and took Lutz into custody for an active arrest warrant for the recent violation of probation.

13. During the probationary search completed by Probation Officer (PO) Cody Mays and PO Parrish Parnell, a silver in color Hewlett Packard laptop computer was found in a spare bedroom of the residence. The computer was recovered by PO Cody May and was located under the mattress in a bedroom. PO May and Parnell stated that while they knocked on the door to the residence prior to the search, they were able to hear someone run from one side of the residence to the other. They stated the person ran from the master bedroom area of the residence to the area of the spare bedroom where the computer was located. Lutz was the sole occupant of the residence and was the person who answered the door after the PO's heard someone running.

14. The computer was opened by PO Parnell and turned on to determine whether the computer was Internet capable and whether Lutz had in fact accessed the internet, which would constitute a violation of his probation. The computer was witnessed as having a profile of "onemantwolives@gmail.com". The computer was PIN locked and a code was found on a piece of paper inside Lutz's wallet. The PIN code 5327 was entered into the computer to check for internet access and

availability. PO Parnell entered file explorer on the computer to locate a Wi-Fi connection; in plain view "recent files" were able to be viewed. Noted in the file preview were thumbnail images. These preview "recent files" showed a file by the name of vx(3) that appeared to be a small-framed individual performing a sex act. A video file by the name of vx(1) also appeared to be a small-framed individual possibly in a nude sexual manner. There was also another preview for a video file that was labeled "(Luto) Anto- 1 7Yo Jo in Car- Pedo Gay Pthc Boy", also with a depiction of a small-framed person in a sexual manner. At that time, PO Parnell stopped the search for internet connectivity on the computer, and alerted LCSO personnel on scene. The computer was seized by LCSO personnel at that time, and a search warrant was applied for. The search warrant was granted in the Circuit Court of the Eighth Judicial Circuit, Levy County Florida on June 10, 2020 and signed by the Honorable Judge William E. Davis.

15. The computer was placed into a temporary evidence locker until the following day when it was transported to the Citrus County Sheriff's Office to be forensically examined for the presence of child pornography. Det. Christopher Cornell from Citrus County Sheriff's Office completed the forensic examination of the computer recovered from Jeffrey Lutz's residence and completed a report along with a thumb drive containing all the data recovered. Analysis revealed that the

8

computer had a related e-mail address of "onemantwolives@gmail.com." The account name associated with the Google Chrome browser was "Jeff Lutz." Subsequent review of the forensic extraction of the computer revealed twenty-two (22) videos and one (1) image which constitute child pornography. Below is a description and sampling of a few of the video files:

<u>**File Name: (Luto) Anto-1 7Yo Jo In Car-Pedo Gay Pthc Boy.mov- (1:29)**</u> A single Caucasian prepubescent male child is seen on video wearing no clothing except for tennis shoes and socks. Child is located inside a red in color vehicle shown in multiple positions. The child has an exposed erect penis with no public hair. The child is seen actively masturbating.

<u>**File Name:**</u>

<u>**(Omegle) 12yo_Cums_2015_04_09_ColdFire_Productions.mp4- (11:12)**</u> A single Caucasian prepubescent male wearing a grey in color "Maritime College" t-shirt is seen on video in a video chat type setting. The male is on video with an erect exposed penis. The child masturbates on camera for several minutes.

<u>**File Name: 0B-OCJWXT8yuJaklvQjlHcmktMkU.mp4 - (5:15)**</u>

A single Caucasian prepubescent male wearing a red and white in color shirt is seen on video. The child is actively performing oral sex on an apparent adult male with an exposed erect penis.

File Name: 11.wmv -(5:01)

Two Caucasian prepubescent males are seen on camera in a video chat style setting. One child is wearing an orange in color t-shirt. The other male child is shirtless. An adult male can be seen in the background at times. Both male children expose their erect penises on video. Both male children simulate oral sex with their hands and show their penises to the camera.

The report also noted that a word document on the computer saved with a bookmark, was a link to a file-sharing website named "Mega". The username associated was "ONEMA". This is relevant because the username "ONEMA" appears to be the first five letters of the e-mail account associated with the computer, "onemantwolives@gmail.com." The report stated that upon using this link on a different computer to access this web site, it was found that the link had been removed for containing objectionable material such as child exploitation material.

16. Review of the history of files downloaded using the Google Chrome browser revealed that on May 11, 2020, Lutz accessed a link to the "Mega" website

and downloaded a file titled "521.mp4." That video was located within the downloads folder of the computer, and upon review, was determined to be child pornography. Review of the history of files downloaded using Google Chrome also revealed that on May 10, 2020, Lutz accessed another link to the "Mega" website and downloaded a file titled "381_Video_1402935810.flv." That video was also located within the downloads folder and was determined to be child pornography.

17. It was also determined during the review of the extracted information from the computer that the user of the computer engaged in "chats" with unknown persons using the chat website "omegle.com." Forensic analysis was able to retrieve the contents of some of these web chats, which included the user of the computer asking questions about underage children. Additionally, review of the extracted data related to Google Maps revealed searches for various locations and addresses outside of the state of Florida, along with the locations of schools in the areas, and the names of unknown individuals.

## CONCLUSION

18. Based upon the information above, your affiant respectfully submits there is probable cause to believe that evidence, fruits and instrumentalities concerning offenses enumerated in Title 18, United States Code, Sections 2252 and

11

2252A may be obtained by examining the information currently on systems owned, maintained, and/or operated within Google and onemantwolives@gmail.com.

19. Additionally, the government requests that the email provider be directed to produce the contents of electronic communications that were placed or stored in the email service provider's computer system in directories or files owned or controlled by the account described above, including opened and unopened emails. Investigators anticipate that these files may contain information including, but not limited to, evidence of communications with possible accomplices and/or evidence of distributing and receiving child pornography. These stored files, covered by Title 18, United States Code, Section 2703(b), will help ascertain the scope and nature of the possible criminal activity.

Joel Richards, Special Agent
Homeland Security Investigations

Sworn to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone and email this 21st day of July, 2020 by Special Agent Joel Richards.

2020.07.21
14:57:56 -04'00'

Gary R. Jones
United States Magistrate Judge